IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MICHAEL DUANE HENRY, )
)
        Petitioner, )
)
v. ) Case No. 16-CV-485-GKF-PJC
)
JANET DOWLING, Warden, )
)
        Respondent. )

**OPINION AND ORDER**

    Before the Court is Petitioner Michael Duane Henry's 28 U.S.C. § 2254 habeas corpus petition. He challenges his Tulsa County District Court conviction for endeavoring to manufacture methamphetamine, Case No. CF-2011-3607. Dkt. 1 at 4. For the reasons discussed below, the petition is denied.

**I. Background**

    This case stems from a house fire in 2011. Henry co-owned the house, along with an adjacent, undamaged house on the same street in Tulsa. Dkt. 10-3 at 121. Investigators visited the fire-damaged house on September 18, 2011 and noticed Henry working on a vehicle in the adjacent driveway. *Id.* at 121, 135. They questioned Henry about the fire and, in particular, a bottle of Roundup herbicide. *Id.* at 121; *see also* Dkt. 10-4 at 209. Investigators searched the adjacent, undamaged house where Henry was working, which will hereinafter be called the "Residence." They testified Henry consented to the search; Henry contends he only gave a limited, belated consent after an investigator stepped inside the Residence. Dkt. 10-3 at 122; *see also* Dkt. 1 at 6. Investigators discovered evidence of methamphetamine manufacture in the Residence and a nearby dumpster. Dkt. 10-3 at 182-185.

The State charged Henry with endeavoring to manufacture controlled drugs after two or more felonies (OKLA. STAT. tit. 63, § 2-408). Dkt. 10-10 at 15. Henry retained Steven Vincent as defense counsel. Dkt. 10-2 at 1. The state court held a four-day jury trial beginning on May 8, 2012. Dkt. 10-2. The defense theory was that other parties manufactured methamphetamine in the Residence. The jury convicted Henry of the manufacturing charge and recommended a sentence of 30 years imprisonment. Dkt. 10-5 at 138. The state court sentenced him in accordance with the jury's recommendation. Dkt. 10-6.

Henry perfected a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. 9-2. His appellate counsel (Stuart Southerland) raised seven propositions of error:

(Proposition I): Insufficient evidence;

(Propositions II and V): Instructional error;

(Propositions III and IV): Error in admission/exclusion of photographs and prior crimes;

(Proposition VI): Ineffective assistance of trial counsel; and

(Proposition VII): Cumulative errors.

Dkt. 9-2 at 2-3. By a Summary Opinion entered January 24, 2014, the OCCA affirmed Henry's conviction and sentence. Dkt. 9-4.

Thereafter, Henry filed two state applications for post-conviction relief. Dkts. 9-5 and 9-10. In the first application, he challenged the search of the Residence and argued his attorneys should have raised an illegal-search argument. The state court determined the claims were procedurally barred, except for ineffective-assistance-of-appellate-counsel, and rejected that claim on the merits. Dkt. 9-7 at 4-5. Henry appealed, and the OCCA affirmed. Dkt. 9-9. The second post-conviction application raised one claim for judicial bias. Dkt. 9-10. The state court again determined the claim was procedurally barred, and the OCCA affirmed. Dkts. 9-11 and 9-13.

Henry filed the instant § 2254 Petition (Dkt. 1) on July 20, 2016. The Petition identifies the following grounds for relief:

(Ground 1): Illegal search and seizure;

(Ground 2): Trial court error at the preliminary hearing;

(Ground 3): Judicial bias;

(Ground 4): Prosecutorial misconduct;

(Ground 5): Ineffective assistance of trial counsel;

(Ground 6): Ineffective assistance of appellate counsel; and

(Ground 7): Actual innocence.

Dkt. 1 at 2.

On October 31, 2016, Respondent filed an answer (Dkt. 9) along with copies of the state court record (Dkt. 10). Respondent concedes, and the Court finds, Petitioner timely filed his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). However, Respondent contends all claims are procedurally barred, except for Ground 7 (actual innocence) and portions of Ground 6 (appellate counsel's failure to raise an illegal search argument). Henry filed a Reply (Dkt. 11) on November 29, 2016, and the matter is fully briefed.

## II. Exhaustion and Procedural Default

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. *See* 28 U.S.C. § 2254. Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Before addressing the merits of [a habeas] claim, [the petitioner] must show that he can satisfy [certain] procedural requirements," including the exhaustion of state remedies. *U.S. v. Greer*, 881 F.3d 1241, 1245 (10th Cir. 2018); *see also* 28 U.S.C. § 2254(b)(1)(A).

3

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994).

A corollary to the exhaustion requirement is the procedural bar doctrine. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). If the state court denied a habeas claim "based on an adequate and independent state procedural rule," the claim is procedurally barred for purposes of federal habeas review. *Davila,* 137 S. Ct. at 2064. A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). "Once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden … shifts to the petitioner." *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999). "To satisfy this burden, petitioner is, at a minimum, required to set forth specific factual allegations as to the inadequacy of the state procedure." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999).

Federal courts also lack authority to review claims that are not exhausted (and not yet defaulted), but would be procedurally barred if petitioner returned to state court. *See Anderson v. Sirmons,* 476 F.3d 1131, 1139 (10th Cir. 2007); *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018). This doctrine is called "anticipatory bar." *Id.* To determine its applicability, the Court must consider whether exhaustion would be futile, and the state court would refuse to consider the merits of the federal claim, based on an adequate and independent state procedural rule. *See Anderson,* 476 F.3d at 1139. If a procedural or anticipatory bar applies, a federal court will not review the claim unless the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will result from dismissal of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A. Grounds 1 – 4: Procedural and Anticipatory Bar

The Court will first address Grounds 1 through 4, which do not implicate the special rules for barring ineffective-assistance-of-counsel claims. *See English v. Cody,* 146 F.3d 1257, 1263-4 (10th Cir. 1998). Henry did not raise Ground 1 (illegal search) or Ground 3 (judicial bias) on direct appeal. Therefore, the OCCA declined to address those claims during the post-conviction proceedings based on OKLA. STAT. tit. 22, § 1086. Dkts. 9-7; 9-9; 9-11; and 9-13. Section 1086 bars claims not raised on direct appeal unless the petitioner demonstrates a "sufficient reason" for the earlier omission. OKLA. STAT. tit. 22, § 1086. The rule is independent, as it relies purely on state law. *See Smallwood v. Gibson,* 191 F.3d 1257, 1268 (10th Cir. 1999). The Tenth Circuit has also "repeatedly found that Oklahoma has applied section 1086 consistently to preclude claims on post-conviction review which could have been raised on direct appeal." *Hale v. Gibson*, 227 F.3d 1298, 1330 n. 15 (10th Cir. 2000) (collecting cases). Indeed, Oklahoma has applied the Section 1086 bar to claims involving an illegal-search and misconduct by the prosecutor or judge. *See Logan v. State,* 293 P.3d 969, 973 (Okla. Crim. 2013); *Woodruff v. State,* 910 P.2d 348, 351 (Okla. Crim. 1996). The OCCA therefore denied Ground 1 (illegal search) and Ground 3 (judicial bias) based on an adequate and independent state rule, and those claims are procedurally barred.

Henry did not raise Ground 2 (trial error at the preliminary hearing) or Ground 4 (prosecutorial misconduct) in any OCCA proceeding.[1] Those claims are therefore subject to an anticipatory bar. The Court finds any further attempts to exhaust the claims would be futile. By its terms, OKLA. STAT. tit. 22, § 1086 applies to successive state petitions as well as direct appeals.

---

[1] Specifically, Ground 2 challenges the criminal charge and the state court's decision to bind Henry over for trial. Dkt. 1 at 8-10. He contends the phrase "endeavor to manufacture methamphetamine," as used at the preliminary hearing, was impermissibly vague. He further contends the state court should have dismissed the case after defense witnesses testified at the preliminary hearing. In Ground 4, Henry alleges the prosecutor referred to his case as part of the "war on drugs" and urged the jury to "hold him accountable" because this was his "sixth bite at the apple." *Id.* at 15-17.

Thus, "a second post-conviction relief application cannot be based on claims that were not raised in an original, supplemental or amended application." *Smallwood v. Gibson,* 191 F.3d 1257, 1267 (10th Cir. 1999) (citing Section 1086). In addition, the OCCA specifically barred any "[s]ubsequent applications attempting to collaterally appeal [Henry's] conviction." Dkt. 9-13 at 3. Grounds 1, 2, 3, and 4 are therefore barred, unless Henry can overcome the default.

### B. Grounds 5 and 6: Anticipatory Bar as Applied to Ineffective-Assistance Claims

Ground 5 (ineffective assistance of trial counsel) and Ground 6 (ineffective assistance of appellate counsel) each contain various subparts. In Ground 5, Henry alleges trial counsel:

(Ground 5(a)): Was unavailable before trial;

(Ground 5(b)): Failed to prepare and often bungled the names of his client and witnesses;

(Ground 5(c)): Failed to object to improper comments by the prosecutor;

(Ground 5(d)): Failed to advocate vigorously during testimony, opening, and summation;

(Ground 5(e)): Failed to adequately prepare Henry to testify.

Dkt. 1 at 17-18.

In Ground 6, Henry alleges appellate counsel:

(Ground 6(a)): Failed to competently state the facts in the OCCA brief;

(Ground 6(b)):Inappropriately combined two arguments in the OCCA brief (*i.e.,* insufficient evidence and the meaning of the phrase "endeavor to manufacture");

(Ground 6(c)): Failure to raise Grounds 2 through 5 on direct appeal.

Ground 6(d)): Failure to challenge the search of the Residence on direct appeal.

Dkt. 1 at 19-21.

Henry only exhausted one item from the above lists. He argued, in his first post-conviction application, that appellate counsel should have raised an illegal-search argument. The OCCA considered and rejected the argument, finding no prejudice. The Court will therefore review the

merits of Henry's ineffective-assistance-of-appellate-counsel claim, as it relates to the omitted illegal-search argument (Ground 6(d)).

Henry failed to present the remaining arguments to the OCCA. Although he challenged trial counsel's performance on direct appeal, his arguments were entirely different in that proceeding. He argued trial counsel was ineffective for: (i) opening the door to his criminal history; (ii) failing to request a lesser-included offense instruction; and (iii) failing to object to use of the word "confession" in the jury instructions. Dkt. 9-2 at 41-43. Henry also raised an ineffective-assistance claim in his first post-conviction proceeding, but those arguments focused exclusively on the failure to pursue an illegal-search argument. The record reflects the OCCA has not addressed Grounds 5(a) - 5(e) or Grounds 6(a) - 6(c), and, as discussed above, any further attempts to obtain state post-conviction relief would be futile. A procedural or anticipatory bar therefore applies to Grounds 5(a) through 5(e) and Grounds 6(a) - 6(c) based on OKLA. STAT. tit. 22, § 1086.

The Court notes the result would not differ based on the special attention given to ineffective assistance of counsel claims. Courts "view state procedural rules that bar ineffective assistance claims with a healthy degree of skepticism," but "this does not preclude a finding that a state procedural rule is adequate to bar federal review of" such a claim. *Smallwood v. Gibson,* 191 F.3d 1257, 1268 (10th Cir. 1999). Oklahoma's procedural bar can be applied to ineffective assistance claims where: (1) the petitioner had separate counsel on appeal; and (2) the claim can be adjudicated based on the record, or the petitioner could have supplemented the record using OCCA Rule 3.11. *See Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (barring ineffective-assistance claim where petitioner could have requested a limited remand under Rule 3.11 to develop the facts on direct appeal); *DeLozier v. Sirmons*, 531 F.3d 1306, 1330 (10th Cir. 2008) (same). In this case, Henry had separate counsel on appeal, and most facts supporting his claims (*i.e.* trial performance, errors in the OCCA brief) would be apparent from the record. And, to the extent

7

some claims cannot be resolved on the record (*i.e.,* counsel's unavailability before trial), Henry has not demonstrated OCCA Rule 3.11 would have been inadequate to develop the record further on appeal.

In sum, all of Henry's claims are procedurally barred, with the exception of Ground 6(d) (appellate counsel's failure to raise an illegal-search argument) and Ground 7 (actual innocence).

### C. Overcoming the Procedural Bar

The Court cannot reach the merits of Grounds 1 through 6(c) unless Henry demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will result from dismissal of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded ... efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Factors supporting "cause" include previously unavailable evidence, a change in the law, and interference by state officials. *Id.* The "fundamental miscarriage of justice" exception only applies where petitioner proffers evidence of actual innocence. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

To overcome the default, Henry contends he did not understand the requirements of § 2254. Dkt. 11. He also argues counsel should have raised the defaulted arguments at trial or on direct appeal. *Id.* A petitioner cannot rely on his ignorance of the law, "pro se status, or lack of formal legal training" to establish cause. *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). And, while ineffective-assistance by counsel can constitute cause, a petitioner must exhaust the argument, and the ineffective-assistance claim must be meritorious. *See Rodriguez v. Carpenter,* 916 F.3d 885, 904-905 (10th Cir. 2019). Henry only exhausted the claim that appellate counsel failed to raise an illegal-search argument, and as discussed below, that claim fails. He therefore has not established cause or prejudice for the procedural default.

Henry also appears to argue he is actually innocent of endeavoring to manufacture methamphetamine. Dkt. 11 at 6. He refers to his original Petition, which raises a claim for actual innocence based on the meaning of the word "endeavor." Dkt. 1 at 21. Henry claims the evidence was insufficient to demonstrate he "exerted strength toward" producing the drugs. *Id.* However, in the habeas context, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Lowery v. Bryant,* 760 Fed. App'x 617, 619 (10th Cir. 2019) (rejecting actual innocence claim, and noting the petitioner "merely disagreed with the jury's verdict"). Accordingly, Henry has not overcome the procedural default, and habeas review is unavailable as to Grounds 1, 2, 3, 4, 5, 6(a), 6(b), and 6(c).

## III. Merits Analysis

As to Grounds 6(d) and 7, habeas relief is only warranted if Henry's conviction violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the OCCA already adjudicated Henry's claims, this Court may not grant habeas relief unless he demonstrates the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);[2] (2) "resulted in a decision that . . . involved an unreasonable application of clearly established Federal law," *id.*; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, *id.* at § 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the

---

[2] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *see also House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008) (explaining that "Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").

9

decision 'confronts [the] set of facts' that were before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (alterations in original) (quotations omitted). When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." *Id.* Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the OCCA's factual findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

I. Ground 6(d): Ineffective Assistance of Counsel & Illegal Search

Henry contends appellate counsel should have raised an illegal-search argument on direct appeal and/or raised trial counsel's failure to pursue such argument. Dkt. 1 at 20. According to Henry, he never consented to a search of the Residence. *Id.* at 6. He argues investigators pushed past him into the Residence after he opened the door and lied about obtaining consent for the search.

*Id.* at 6-7. Henry also contends appellate counsel should have argued that opening a door, without more, does not constitute consent. *Id.* at 8.

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend VI. A deprivation of that right occurs where: (1) counsel's performance was deficient, and (2) such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies to appellate counsel. *See Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges appellate counsel failed to raise an issue on direct appeal, the Court "first examine[s] the merits of the omitted issue." *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance." *Id.* (citing *Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998)). If the issue has merit, the Court must then determine whether counsel's failure to raise it "was deficient and prejudicial" under *Strickland*. *Id.*

Standing alone, the *Strickland* standard is "highly deferential." *Strickland*, 466 U.S. at 689. Coupled with § 2254(d)(1), this Court's review of the OCCA's ruling is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (A "doubly deferential judicial review … applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard."). "[W]hen assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [this Court] defer[s] to the state court's determination that counsel's performance was not deficient and, further, … to the attorney's decision in how to best represent a client." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

The OCCA found appellate counsel's performance was reasonable because the omitted illegal-search argument is meritless. Dkt. 9-9 at 2-4. The opinion noted trial counsel raised the argument, and the state court conducted a suppression hearing. *Id.* The OCCA further determined

Henry consented to the search. *Id.* The finding was predicated on testimony by several fire investigators and inconsistencies in Henry's statements. *Id.*

Viewing the decision with double deference, the Court agrees the illegal-search argument is meritless. The Fourth Amendment guarantees "the right of the people to be secure ... against unreasonable searches and seizures." U.S. Const. amend. IV. For this reason, a warrant is generally required before an officer may search property. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). An exception exists where a person voluntarily consents to a search of his residence. *Id.* at 222. "Voluntariness" is determined "under the totality of the circumstances." *United States v. Sanchez*, 608 F.3d 685, 690 (10th Cir. 2010). The prosecutor must "proffer clear and positive testimony that consent was unequivocal and specific and freely and intelligently given," and "the officers must have used no implied or express duress or coercion." *Id.* Relevant considerations include: the use of threats or aggression; prolonged detention or questioning; the physical and mental capacity of the defendant; the number of officers on the scene; and the display of weapons. *Id.*

Here, two fire investigators (Milstead and Beeler) gave "clear and positive testimony" that Henry voluntarily consented to a search of his Residence. Dkt. 10-3 at 121-123; 172-174. The record contains no definitive indication the consent was limited to one item or area, or that coercive circumstances existed. Moreover, as the OCCA pointed out, Henry provided several inconsistent accounts of the transaction. At the suppression hearing, Henry claimed he told investigators to leave his private property before they entered the Residence. Dkt. 10-3 at 80-81. Henry later stated he allowed them to enter the Residence to search for a Roundup bottle. Dkt. 9-5 at 6-9. On this record, the Court cannot disturb the OCCA's finding that the search was proper, and counsel was not required to pursue a meritless argument. Ground 6(d) therefore fails.

II. Ground 7: Actual Innocence/Sufficiency of the Evidence

Henry next contends he is actually innocent of endeavoring to manufacture methamphetamine. Dkt. 1 at 21. Specifically, he argues the prosecution failed to prove he lived at the Residence or engaged in any overt act to produce the drug. *Id.* A claim of actual innocence "does not, standing alone, support the granting of a writ of habeas corpus." *LaFevers v. Gibson*, 238 F.3d 1263, 1265 (10th Cir. 2001). The Court will therefore construe Henry's argument as a challenge to the sufficiency of the evidence, which he raised on direct appeal. The OCCA rejected this claim, finding "the search of [Henry's] property revealed evidence … of past attempts to manufacture methamphetamine" and "ongoing efforts to produce the drug." Dkt. 9-4 at 2. The OCCA concluded "[a] rational juror could easily find [Henry] was 'endeavoring' to make methamphetamine, *i.e.,* that he exerted 'any effort to do or accomplish' that goal." *Id.*

Under the Due Process Clause, a criminal defendant cannot be convicted of a crime unless the state proves, beyond a reasonable doubt, every essential element of the crime charged. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship*, 397 U.S. 358, 364 (1970). On federal habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319. "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam). As the Supreme Court explained:

> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

*Id.* The Court looks to state law to determine the substantive elements of the crime, "but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman*, 566 U.S. at 655.

The elements of Henry's crime are set forth in OKLA. STAT. tit. 63, § 2-408. To obtain this conviction, the State had to prove Henry: (1) knowingly or intentionally; (2) endeavored; (3) to manufacture; (4) the controlled dangerous substance of methamphetamine. *See* OKLA. CRIM. JURY INSTRUCTION NO. 6-3B; OKLA. STAT. tit. 63, § 2-408. At issue here is the second element. Henry argues "endeavor" should mean "to exert physical or intellectual strength toward the attainment of [the manufacture of methamphetamine]." Dkt. 1 at 21. Said differently, Henry believes Oklahoma law requires proof of an overt act toward making the drug.

Henry's preferred definition was explicitly rejected by *Tidmore v. State*, 95 P.3d 176, 178 (Okla. Crim. Ap. 2004). *Tidmore* held "[t]he endeavoring statute is completely separate from the general statute defining attempt, and there is no requirement of an overt act to complete the crime." *Id.* Instead, "endeavoring" means "*any* effort to do or accomplish the evil purpose that the law was enacted to prevent." *Id.* (emphasis added). Because the substantive elements of the crime are defined by state law, are Court cannot deviate from the *Tidmore* definition. *See Anderson-Bey v. Zavaras,* 641 F.3d 445, 448 (10th Cir. 2011).

The record reflects Henry knowingly engaged in "any effort" to accomplish the evil at issue (*i.e.,* the manufacture of methamphetamine). Henry admitted his Residence housed a drug laboratory where he allowed others to manufacture methamphetamine. Dkt. 10-4 at 54, 107. Investigators discovered the essential elements of the drug lab, including lithium, pseudoephedrine, digital scales, muriatic acid, ammonium nitrate, and plastic bottles drilled to "gas out" the methamphetamine. Dkt. 10-3 at 175-178. Henry also admitted he got a portion of the finished

product in exchange for allowing others to manufacture methamphetamine in his Residence. *Id.* at 181. Viewed in the light most favorable to the prosecutor, this evidence demonstrates Henry assisted with an ongoing, open-ended effort to facilitate the manufacture of methamphetamine at his Residence. The OCCA correctly found the evidence supports the conviction, and Ground 7 fails.

Because Henry has not demonstrated his conviction or sentence violates federal law, the Court must deny the § 2254 Petition. *See* 28 U.S.C. § 2254.

### III. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] … issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court rejects the merits of the constitutional claims, the petitioner must demonstrate "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Henry has not met that standard, as described above, and the Court will deny a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The petition for a writ of habeas corpus (Dkt. 1) is **denied**.

2. A certificate of appealability is **denied**.

3. A separate Judgment will be entered disposing of the case.

**ENTERED** this 3rd day of September 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE